Warren R. Graham, Esq., of counsel
Hooper Yang & Associates Law Office P.C.
450 Seventh Avenue
Suite 305
New York, NY  10123
Mobile Phone: (917) 885-2370
E-Mail: showarg@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| WORLD WINE GROUP, INC. | : | Case No.:  22-10738-lgb |
| | : | |
| Debtor. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEBTOR'S APPLICATION IN SUPPORT OF MOTION**
**FOR AN ORDER AUTHORIZING THE REJECTION OF**
**<u>LEASE WITH THUAN TAM REALTY CORP.</u>**

TO THE HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE:

World Wine Group, Inc., the above-captioned Chapter 11 debtor and debtor-in-possession (the "Debtor"), by its attorneys, Hooper Yang & Associates Law Office P.C.  as and for its application (the "Application") for entry of an order authorizing and approving the Debtor's rejection of a certain unexpired lease (the "Lease"), between the Debtor, as tenant and Thuan Tam Realty Corp. (the "Landlord") as landlord for premises formerly occupied by the Debtor a 49 Christie Street, New York, New York, and in support thereof, respectfully alleges and states as follows:

1. This Case was commenced by the filing of a voluntary petition petition (the "Petition") under Subchapter V of the Bankruptcy Code, on June 10, 2022. The Debtor has continued in the conduct of its business and management of its affairs as a debtor-in-possession.

2. The Debtor is in the business of selling wines and liquors, at retail, at its current place of business at 90 Bowery Street, New York, New York. Previously the Debtor had been a tenant of the Landlord, pursuant to the Lease of its former premises, at 49 Christie Street, New York, New York. A copy of the Lease is annexed hereto as Exhibit A.

3. As a result of financial difficulties occasioned both by the Pandemic and conversion of nearby properties to housing for the homeless, the Debtor's management concluded that it could no longer continue its operations under the terms of the Lease. The Debtor made overtures to the Landlord to secure a modification of the Lease terms and reduction of rent, but was unsuccessful. As those negotiations drew to a close, the Landlord suggested that of the Lease terms were unacceptable, the Debtor could simply move out.

4. The Debtor mistakenly construed the Landlord's meaning as an offer to release it from the Lease, and thereafter, vacated the Christie Street Premises, and entered into a new lease for space at 90 Bowery Street, which it has operated its business ever since. Unfortunately, notwithstanding his understanding of the discussions with the Landlord, the Debtor neglected to secure a release of its obligations under the Lease in writing.

5. The Landlord then commenced an action in the New York, Supreme Court, New York County, for nonpayment. Mistakenly relying on advice from friends, the Debtor's principal did not answer the complaint in that action, thinking that he could raise defenses upon a motion for default. The Landlord, however, did not make such a motion, but rather, obtained a default

judgment *ex parte.* At that point, the Debtor retained current counsel, who moved to vacate the judgment, however, the presiding judge determined that there was no sufficient defense on the merits, in the absence of a written release, to warrant vacating it.

6. As further negotiation between counsel proved fruitless, the Debtor had no reasonable alternative but to seek relief under Subchapter V of the Bankruptcy Code.

7. As the Debtor has long since vacated the Christie Street location, the Lease is of no benefit, and, rather, is a burden. Accordingly, the Debtor has made the only rational business judgment, which is to seek Court authorization and approval for its rejection of the Lease.

8. Contemporaneously herewith, the Debtor is filing a Notice of Motion to bring this request before the Court on a date certain for a hearing.

9. Any claim of the Landlord occasioned by the rejection of the Lease, to the extent ultimately allowed, will be addressed in the context of the Debtor's plan (the "Plan") which has already been filed with the Court.

10. Based on the foregoing, the Debtor believes that it is clear that rejection of the Lease is warranted, and is in the best interest of the estate and parties in interest.

11. A proposed form of order authorizing and approving rejection of the Lease is annexed hereto as Exhibit B.

12. No prior request for the relief sought herein has been made in this, or any other Court.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, substantially in the form annexed as Exhibit B hereto: (a) authorizing and approving the Debtor's rejection of the Lease pursuant to 11 U.S.C. §365 (a); and (b) granting to Debtor such other and further relief as is just and proper.

Dated: New York, New York
      November 22, 2022

                                        Hooper Yang & Associates Law Office P.C.

                                        By: <u>/s/Warren R.Graham</u>
                                        Warren R. Graham, Esq., of counsel
                                        Hooper Yang & Associates Law Office P.C.
                                        450 Seventh Avenue
                                        Suite 305
                                        New York, NY  10123
                                        Mobile Phone: (917) 885-2370
                                        E-Mail: showarg@gmail.com