Fill in this information to identify the case:

Debtor Name: World Wine Group Inc

United States Bankruptcy Court for the: __Southern__ District of ___New York
(State)

Case number: 22-10738-1gb

☐ Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11    02/20

World Wine Group 's Plan of Reorganization, Dated 7/3/2024

## Background for Cases Filed Under Subchapter V

### A. Description and History of the Debtor's Business

The debtor is a retail wine store that has operated in New York since 2013. It was previously located at 49 Chrystie Street, New York, NY 10002. However, due to a combination the COVID pandemic, and changes in the neighborhood resulting in manifold conversions to homeless shelters, the business suffered major and continuing losses. The consequent loss in business income together with the prior landlord's reluctance to reduce rent, compelled the Debtor to relocate. The landlord sued for the remaining rental on the lease and obtained a judgment in New York State Supreme Court on April 15, 2022. The confluence of these events impelled the Debtor to seek relief in this Court. The Debtor signed a lease to 90 Bowery Street, New York, NY 10013 on March 3, 2021and has been operating in this new location at all times to date.

### B. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a Chapter 7 liquidation. The Debtor proposes a 0% payment to general unsecured creditors under this proffered liquidation analysis.

### C. Ability to make future plan payments and operate without further reorganization

Ability to make future plan payments and operate without further reorganization. The Plan proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business. The plan proponent's financial projection show that the Debtor will have projected disposable income (as defined by Section 1191(d) of the Bankruptcy Code) for the period described in section 1191(c)(2) of $ 62,193.00 fully perform the terms of the Plan no longer than sixty months after confirmation. Additionally, the Debtor is infusing $2,5000.00 cash of personal funds into the Plan payable to the Creditors equally in equal monthly installments over the first 12 months of the Plan.

The final Plan payment is expected to be paid on the 5th Anniversary following the effective date.

Debtor Name _World Wine Group_____     Case number:22-10738-1gb_____

# Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay priority creditors of (the *Debtor*) from future income.

This Plan provides for:  | 1 | classes of priority claims;
|   | classes of secured claims;
| 1 | classes of non-priority unsecured clams; and
| 1 | classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which proponent of this Plan has valued approximately | 0 | cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

# Article 2: Classification of Claims and Interests

2.01 **Class 1** .................................. All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

[Add classes of priority claims, if applicable]

2.02 **Class 2** The claim of | N/A |, to the extent allowed as a secured claim under § 506 of the Code.

[Add other classes of secured creditors, if any. *Note*: Section 1129(a)(9)(D) of the Code provides that a secured tax claim which would otherwise meet the description of a priority tax claim under § 507(a)(8) of the Code is to be paid in the same manner and over the same period as prescribed in § 507(a)(8).]

2.03 **Class 3** .................................. All non-priority unsecured claims allowed under § 502 of the Code.

2.04 **Class 4** .................................. Equity interests of the Debtor.

# Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

3.01 **Unclassified claims**     Under section § 1123(a)(1), administrative expense claims and priority tax claims are not in classes.

3.02 **Administrative expense claims**    Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full over a five year period in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

Debtor Name __World Wine Group Inc._____    Case number: 22-10738-1gb_____

| | | |
|---|---|---|
| 3.03 **Priority tax claims** | Each holder of a priority tax claim will be paid in full, over 60 months from the moment of filing, with the applicable statutory rate | |
| 3.04 **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. | |
| 3.05 **Prospective quarterly fees** | All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. | |

### Article 4: Treatment of Claims and Interests Under the Plan

4.01 **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Priority claims excluding those in Article 3 | ☐ Impaired<br>☑ Unimpaired | Payable in full in equal installments over 60 months. |
| Class 2 – Secured claim of [*Insert name of secured creditor.*] | ☐ Impaired<br>☐ Unimpaired | |
| Class 3 – Non-priority unsecured creditors | ☑ Impaired<br>☐ Unimpaired | Payable pro-rata out of projected disposable income over a 60 months in equal installments. |
| Class 4 - Equity security holders of the Debtor | ☑ Impaired<br>☐ Unimpaired | |

### Article 5: Allowance and Disallowance of Claims

| | |
|---|---|
| 5.01 **Disputed claim** | A *disputed claim* is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either:<br>(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or<br>(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
| 5.02 **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order]. |
| 5.03 **Settlement of disputed claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |

### Article 6: Provisions for Executory Contracts and Unexpired Leases

Debtor Name __World Wine Group Inc._____   Case number _: 22-10738-1gb___

| | | |
|---|---|---|
| 6.01 | **Assumed executory contracts and unexpired leases** | (a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date: Commercial lease of the Premises located at 90 Bowery Street, 1st Fl, New York, NY 100013. Lease term March 18, 2021 to March 31, 2026. |
| | | (b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than [ 30 ] days after the date of the order confirming this Plan. |

### Article 7: Means for Implementation of the Plan

The funds required for confirmation of the payment of claims required to be paid on the Effective Date shall be provided by the Debtor and the Reorganized debtor from the Debtor's operating cash flow commencing on the effective date of the plan together with a $25,000.00 contribution from personal debtor funds to be paid to all Creditors equally in equal monthly installments over the initial twelve months of the plan.

### Article 8: General Provisions

| | | |
|---|---|---|
| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: |
| 8.02 | **Effective date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| [8.06 | **Controlling effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of [ New York ] govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.] |
| [8.07 | **Corporate governance** | The Debtor is 100% owned by a single individual and will not, with complete performance under the plan, make any changes to Corporate ownership or governance. |

Official Form 425A        Plan of Reorganization for Small Business Under Chapter 11        page 4

Debtor Name  World Wine Group Inc.                                             Case number: 22-10738-lgb

## 8.08 Retention of Jurisdiction

The Court shall retain jurisdiction after the effective date, to:

A) Determine the related and amount of any claims against the estate

B) Determine any questions as to compliance and performances under the plan

C) Determine amounts and terms of payment of any asserted administrative expenses

D) Determine any issue regarding the debtor's discharge

E) Determine such other issue as may be described in further Order of the Court, or the Order of Confirmation

## Article 9: Discharge

If the Debtor's Plan is confirmed under Section 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of the this Plan, to the extent specified in Section 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

(i) Imposed by this Plan; or

(ii) To the extent provided in Section 1141(d)(6).

If the Debtor's Plan is confirmed under Section 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the 5 years of this Plan, or as otherwise provided in Section 1192 of the Code. The Debtor will not be discharged from any debt:

(i) on which the last payment is due after the first 5 years of the plan, or as otherwise provided in Section 1192; or

(ii) Excepted from discharge under Section 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted

_____                 Printed Name: Cheng Rui Lu for World Wine Group Inc.
Signature of the Plan Proponent

_____                 Printed Name: Leonard X. Gillespie
Signature of the Attorney for the Plan Proponent